PER CURIAM.
We reverse the trial court’s judgment which held that the appellant’s policy exclusion for completed operations did not apply to a claim made against the appellee I.M. Shapiro Company as a result of its negligent repair and service of a pressure cooker several months before the pressure cooker caught on fire resulting in personal injuries to those nearby.
The liability insurance policy issued to the appellee specifically excludes coverage for bodily injury or property damage included within the completed operations hazard provision of the policy. That provision states:
“[Cjompleted operations hazard” includes bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect hereto, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the named insured. “Operations” include materials, parts or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:
(1) when all operations to be performed by or on behalf of the named insured under the contract have been completed,
(2) when all operations to be performed by or on behalf of the named insured at the site of the operations have been completed, or
(3) when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.
Operations which may require further service or maintenance work, or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed completed.
Under a plain reading of this provision we believe the appellee’s repair and service of the pressure cooker in question was an “operation” within the meaning of the word “operations” used in the provision. We reject appellee’s claim that “operations” include only “materials, parts or equipment.” See Sandpiper Construction Co. v. United States Fidelity and Guaranty Co., 348 So.2d 379 (Fla. 2d DCA 1977).
ANSTEAD and GLICKSTEIN, JJ., and SALMON, MICHAEL H., Associate Judge, concur.